UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DONALD HARRINGTON** | **CASE NO. 6:22-CV-4064** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYD'S LONDON** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 26) filed by the Defendant, Underwriters at Lloyd's, London ("Lloyd's").[1] Plaintiff, Donald Harrington ("Harrington") opposes the motion. Doc. 28.

### I.
### BACKGROUND

On August 24, 2022, Harrington filed a lawsuit against Lloyd's directly with this Court concerning damage to his home in Abbeville, Louisiana, as a result of Hurricanes Laura and Delta.[2] Doc. 1 at ¶¶ 2, 6, 9, 11. Harrington states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of

---

[1] Lloyd's notes that it is incorrectly named in the complaint as "Underwriters at Lloyd's London" when it should be named "Certain Underwriters at Lloyds, London Subscribing to Policy No. LD603349-06." Doc. 26-1 at 1, n. 1.

[2] Although Plaintiff's complaint contains allegations concerning Hurricane Laura, Lloyd's notes that Plaintiff did not submit a claim after Hurricane Laura. Doc. 26-1 at 2, n. 11. Plaintiff was originally represented by attorneys at McClenny Moseley & Associates, PLLC. Doc. 1. Thereafter, new counsel enrolled on behalf of Plaintiff. Doc. 16.

citizenship between the parties, and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.[3] *Id.* at ¶ 3.

Harrington alleges that Lloyd's is in breach of contractual obligations under the terms of the policy covering his home by failing to pay the full amount owed for the damage to his property after he provided satisfactory proof of loss. *Id.* at ¶ 23. Harrington also alleges Lloyd's violated Louisiana Revised Statute 22:1892 and is therefore obligated to pay an additional penalty of 50% for each amount owed plus reasonable attorney fees and costs. *Id.* at ¶ 31. Harrington further alleges that Lloyd's is in breach of its statutory obligation to act in good faith and fair dealing in violation of Louisiana Revised Statute 22:1973 and owes a penalty of "two times the damages sustained or five thousand dollars, whichever is greater." *Id*. at ¶ 34.

Lloyd's is not an insurer. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Lloyd's describes itself as "an international insurance market in London, England, that provides the infrastructure for entities to insure a portion of a risk, rather than insuring the entire risk itself." Doc. 26-1 at 2. The entities are called "members" or "Names," and each subscribes to a portion of a policy via a "syndicate." *Id.* Multiple members/Names may subscribe to a single policy through a single syndicate. *Id.* Moreover, multiple syndicates may subscribe to a single policy. *Id.* As the Fifth Circuit has noted, Lloyd's simply provides a market for the buying and selling of insurance risk

---

[3] The Court also notes that Plaintiff's complaint does not contain sufficient information to properly allege that complete diversity exists between himself and the members/Names of each Lloyd's syndicate subscribed to his policy, which is required to establish diversity jurisdiction. *See Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London*, 2015 WL 4097069, at *2 (E.D. La. July 7, 2015).

among its members who hope to make a return on their investment. *Corfield*, 355 F.3d at 858. As such, "a policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id.* (emphasis in original) (citing Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 39:47 (3d ed. 1995)).

Lloyd's filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1). Doc. 26. Therein, Lloyd's argues that there is no possibility the amount in controversy will exceed $75,000.00 for each member/Name subscribed to the policy at issue, which is required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*

## II.
## LAW & APPLICATION

### A. Rule 12(b)(1) Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Commc'n, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a

preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming*, 281 F.3d at 161.

### B. Application

Lloyd's contends that Plaintiff has failed to establish that the Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1332(a). Doc. 26-1 at 1. Pursuant to 28 U.S.C. § 1332(a), for federal diversity jurisdiction to attach, the parties must be completely diverse and meet the jurisdictional amount in controversy of $75,000.00. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). The party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1259 (5th Cir.1988). Failure to properly allege diversity jurisdiction mandates dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (citing *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)).

As noted above, Lloyd's is a marketplace where its members buy and sell insurance risks. Thus, Courts in the Fifth Circuit and various other courts have recognized that diversity jurisdiction is destroyed if a plaintiff cannot prove he has a claim against each member/Name subscribing to the subject policy that equals or exceeds

$75,000.00. *See, e.g., Team One Properties LLC v. Certain Underwriters at Lloyds London*, 281 Fed. Appx. 323, *1 (5th Cir. 2008); *Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015 WL 2452339, at *1 (E.D. La. May 21, 2015) (holding the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because claims against individual members/Names cannot be aggregated and the complaint did not plead that the $75,000.00 jurisdictional minimum was met for each Name); *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (holding that diversity jurisdiction had not been established when the amount in controversy was not met as to all Names sued under the policy); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 933 (2d Cir. 1998) (noting, as severally liable defendants, that each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. § 1332); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020) (noting that various courts have recognized diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against each member/Name subscribing to the subject policy that equals or exceeds $75,000.00").

  Harrington's complaint does not contain a specific damage amount or the limit of the policy covering his property. However, Lloyd's has provided evidence that Harrington's policy has a limit of $80,000.00 for the dwelling and $10,000.00 for personal property, with a $2,000.00 windstorm and hail deductible. Doc. 33 at ¶ 4. Lloyd's inspected Harrington's property and ultimately issued payment in the amount of $6,786.79. Doc. 33 at ¶ 6.

Five syndicates were subscribed to Harrington's policy. Doc. 33 at ¶ 5; Doc. 33-2. Lloyd's argues that even if each syndicate only had one member/Name, the total amount in controversy would have to be at least $375,000.00 ($75,000.00 x 5). Doc. 26-1 at 5. Lloyd's also notes that one of the syndicates assumed only 4% of the total risk of the policy, which would require a total damage loss of $1,875,000.00 for that one syndicate to reach the $75,000.00 jurisdictional threshold if the syndicate only has one member/Name (4% of $1,875,000.00 = $75,000.00). *Id.* Thus, Lloyd's maintains that considering the policy limits in place, there is no reasonable possibility that the amount in controversy could exceed the jurisdictional minimum for the members/Names within each syndicate. *Id.* at 6.

Harrington counters that damage to his home is estimated to be $49,957.61, plus he has a mental anguish claim that could reasonably exceed $100,000.00. Doc. 28 at 2. Moreover, Harrington notes that he is also seeking penalties pursuant to Louisiana Revised Statute 22:1973, which could double his mental anguish award and could easily be $200,000.00. *Id.* Further, Harrington notes that he is also potentially entitled to receive an award for attorney's fees at 35%, which easily places the controversy above the minimum award of $375,000.00 suggested by the Defendant. *Id.*

Lloyd's has presented the Court with evidence that five (5) separate syndicates subscribed to Harrington's policy in the following proportions: 50.1%, 31.5%, 6.4%, 8.0%, and 4.0%. Doc. 33-2. Each syndicate is formed by a group of one or more

members/Names.[4] Each member/Name is only responsible for his pro rata share of the risk under any insurance policy underwritten by the syndicate in which he participates. *See McAuslin v. Grinnell Corp.*, No. 97-775, 2000 WL 1059850, at *2 (E.D. La. Aug. 1, 2000); *Corfield*, 355 F.3d at 858 ("Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter.").

Based on the jurisprudence, the Court must find that Harrington has not met his burden of alleging the $75,000.00 jurisdictional minimum required by 28 U.S.C. § 1332(a) against each member/Name subscribing to his policy. Even if the Court were to assume that the syndicate underwriting 4.0% of Plaintiff's policy only contained a single member/Name, and that Plaintiff could prove damages for the full amount of his policy, substantial mental anguish damages, statutory penalties, and attorney's fees, the jurisdictional threshold could not be met. The members/Names contained within the syndicate underwriting 4.0% of the policy are only responsible for their proportional share of liability under the policy. To reach $75,000.00 against the members/Names subscribed to the 4.0% syndicate the overall damage award would have to exceed $1,875,000.00 (4.0% of $1,875,000.00 = $75,000.00). Any award by this Court could not feasibly reach this significant amount.

---

[4] Lloyd's has not provided the Court with a list of the individual members/Names subscribed to each syndicate. However, a list is unnecessary. A determination regarding the amount in controversy can be made if the Court assumes that each syndicate contained a single member/Name, which is most favorable to the Plaintiff in establishing the required amount.

## III.
## CONCLUSION

For the reasons assigned herein, the Court finds that it does not have jurisdiction to adjudicate Plaintiff's claims. Therefore, **IT IS ORDERED** that Lloyd's Motion to Dismiss [Doc. 26] is hereby **GRANTED**. Harrington's complaint is **DISMISSED WITHOUT PREJUDICE**.[5]

**THUS DONE AND SIGNED** in Chambers this 16th day of November, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[5] Lloyd's requested that Plaintiff's lawsuit be dismissed with prejudice. Doc. 26-6. However, a dismissal based solely on a lack of subject-matter jurisdiction should be without prejudice. *Salcido v. Wilson, et al.*, No. 21-11029, 2022 WL 1564188, at *1 (5th Cir. May 18, 2022) (emphasis added). Dismissal without prejudice on jurisdictional grounds alone permits a plaintiff to pursue his claim in another forum. *Id.* (quoting *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977)).